ON APPLICATION FOR REHEARING
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge DENNIS R. BAGNERIS, SR., Judge MICHAEL E. KIRBY and Judge MAX N. TOBIAS, JR. and Judge ROLAND L. BELSOME).
JOAN BERNARD ARMSTRONG, Chief Judge.
The appellees, the Louisiana Insurance Guaranty Association (“LIGA”), Eagle Transportation, Inc., and the plaintiff, Charles Bercy, request rehearing and/or clarification of the January 6, 2010 decision of this Court regarding the effect that the granting of the exception of no cause of action in favor of the appellants, RTA and TMSEL would have on the summary judgment the trial court rendered in favor of LIGA and Eagle Transportation.
The trial court in its judgment of May 18, 2009, granted the Motion for Summary judgment filed by LIGA[1] and Eagle Transportation on the grounds that TMSEL was required to provide UM coverage[2]. Predicated on this holding that TMSEL was required to provide UM coverage, the trial court judgment also decreed that:
[T]he damages of the plaintiff, Charles Bercy, do not exceed the amount of the self-insured retention of the Transit Management of Southeast Louisiana, Inc.; therefore, the claims against the Louisiana Insurance Guaranty Association and Eagle Transportation are dismissed ...
Finally, in the same judgment, the trial court dismissed the exception of no cause of action filed by TMSEL and RTA.
The defendants-appellants, TMSEL and RTA, appealed the trial court judgment of May 13, 2009. In considering that portion of the aforesaid judgment denying the exception of no cause of action filed by the TMSEL and RTA, in an opinion rendered on January 6, 2010, this Court converted the appeal into a writ, granted the writ, granted the exception of no cause of action, and remanded for further proceedings.
The decision of this Court rendered on January 6, 2010, on the question of the exception of no cause of action was silent as to the trial court’s ruling in regard to the motion for summary judgment. We note that no argument was made by the appellants, TMSEL and RTA, in their brief on appeal (converted into a writ) addressing the motion for summary judgment and no other party appealed the granting of that motion. For that reason this Court did not address the motion for summary judgment in its opinion. See Uniform Rules — Courts of Appeal, Rule 2-12.4.
Defendants-appellants, LIGA and Eagle Transportation, Inc., and the plaintiff-ap-pellee, Charles Bercy, are now before this Court on applications for rehearing and/or clarification of the January 6, 2010 opinion of this Court, requesting this Court to rule on that portion of the trial court’s judgment concerning the granting of the LIGA *405 and Eagle Transportation motion for summary judgment.
The plaintiffs brief in support of his application for rehearing points out that the decision of the trial court to grant LIGA’s motion for summary judgment was predicated upon the availability of UM coverage through TMSEL. This is consistent with the trial court ruling denying TMSEL’s and RTA’s exception of no cause of action. The plaintiff argues, in effect, that when this Court granted the exception of no cause of action in favor of TMSEL and RTA, that it ipso facto reversed that portion of the trial court judgment decreeing that TMSEL was required to furnish uninsured motorist coverage to the plaintiff. For this reason, the plaintiff now asks this Court to reverse the granting of the motion for summary judgment.
LIGA and Eagle Transportation state in their brief on rehearing that they “adopt in extenso the Petition for Rehearing of appellee, Charles Bercy,” which brief, as we noted in the previous paragraph, includes a prayer for the reversal of the motion for summary judgment. However, the request of the plaintiff to reverse the granting of the summary motion in favor of LIGA and Eagle Transportation and which LIGA and Eagle Transportation adopt by reference, is difficult to reconcile with the rest of LIGA’s and Eagle Transportation’s rehearing application which seemingly argues that this Court should affirm the trial court’s holding that TMSEL is required to furnish UM coverage in favor of the plaintiff.
In any event, in spite of the fact that the plaintiff did not appeal the ruling on the motion for summary judgment or file an answer to TMSEL’s and RTA’s appeal in that regard, and this Court does not normally reverse or modify a judgment in whole or in part at the request of a party who has neither appealed nor answered an appeal, in this instance we deem it appropriate to do so. The summary judgment ruling below holds that TMSEL is required to provide UM coverage in favor of the plaintiff. This cannot be reconciled with our opinion granting TMSEL’s exception of no cause of action based on a finding that the plaintiff has no cause of action against TMSEL for UM coverage. Therefore, we hold that the granting by this Court of TMSEL’s exception of no cause of action ipso facto vacates the judgment of the trial court granting the motion for summary judgment.
In the interest of completeness, we also note that the plaintiff has acknowledged that his damages do not exceed $2,000,000.00.
For the foregoing reasons, we grant rehearing, reaffirm the opinion of this court rendered on January 6, 2010, amend it to vacate the summary judgment in favor of LIGA and Eagle Transportation, and remand to the trial court for further proceedings.
REHEARING GRANTED; ORIGINAL OPINION AFFIRMED AND AMENDED; REMANDED.
TOBIAS, J., dissents in part.
BELSOME, J., dissents in part for the reasons assigned by Judge TOBIAS.

. LIGA was substituted for United Southern Assurance Company, the insolvent insurer of Eagle Transportation and Donald St. Martin

. To be more precise, the judgment stated that TMSEL was “required to provide under-insured/uninsured motorist coverage in favor of the plaintiff in the same amounts as their self-insured retention and that said coverage must be exhausted prior to any recovery from Louisiana Insurance Guaranty Association.”